## FENNELL *v.* LOAGUE.

### (*Jackson.* June 8, 1901.)

1. ADMINISTRATOR. *Not trustee for heirs, when.*

   An administrator who purchases lands of the estate sold under decree at his instance for payment of debts, at a fair price and in good faith, does not take the lands in trust for the heir, but acquires a good and perfect title.

2. SAME. *Same.*

   And his adverse possession of the lands continuously for seven years, claiming them under color of such purchase, in hostility to the heir, is sufficient to vest him with a good and indefeasible title to same.

   Cases cited: Marr *v.* Gilliam, 1 Cold., 491; Duke *v.* Harper, 6 Yer., 280; Watson *v.* Smith, 10 Yer., 469; Haynes *v.* Swan, 6 Heis., 560.

---

### FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. F. H. HEISKELL, J.

BERRY & ROBERTS for Fennell.

RANDOLPH & RANDOLPH and WM. FITZGERALD for Loague.

McALISTER, J. This bill was filed to recover possession of certain real estate, situated on the southeast corner of Jackson and La Rose streets in

the city of Memphis. The real estate in question, prior to January 4, 1883, belonged to Morris Fennell, who, on said date, departed this life intestate, leaving complainants, Maggie Fennell and Ellen Horan, who were his sisters, his only heirs at law. On January 13, 1885, John Loague, Public Administrator, was appointed and qualified administrator of the estate of Morris Fennell, deceased, and, on the following day, suggested the insolvency of said estate, and advertised for claims. Mrs. Ellen Horan filed a claim against said estate for $350 for board, clothing and other necessaries furnished the said Morris Fennell. A medical bill was also due. On April 18, 1885, Loague, as administrator, filed a bill in the Probate Court of Shelby County to sell the real estate in question to pay debts. The present complainants, Maggie Fennell and Ellen Horan, were made parties defendant to that bill. Such proceedings were had that, on August 8, 1885, said real estate was offered for sale at public vendue, when John Loague, the administrator, became the purchaser at the price of $672. The sale was confirmed, and title divested and vested in said John Loague. Loague paid all of the purchase money, and, in 1886, caused a certified copy of the decree vesting title in him to be put of record in the Register's office of Shelby County.

The present bill charges that the estate of Morris Fennell was not insolvent, and that the filing of the Ellen Horan claim against said estate was pro-

cured by said Loague, and was a scheme on his part to have said estate declared insolvent in order that he might get possesssion of this valuable real estate for a merely nominal price.

It is charged that said Loague, as administrator, was an express trustee, and could not purchase, in his own right, the property in question at said sale; that the purchase of the same by Loague was illegal, and the price he paid, $672, was a totally inadequate consideration (said property being well worth $4,000), and that, under said purchase, he would hold the property as trustee for the heirs of Morris Fennell, deceased.

Defendants answered, denying that said Loague was an express trustee, averring that said sale was perfectly fair and for an adequate consideration, and expressly denying all the charges of fraud. It is shown in the answer that John Loague departed this life on January 24, 1899.

Defendants, the heirs of John Loague, rely on and plead the statute of limitations of seven years. Defendants state and show that the said John Loague, after he purchased the property on August 8, 1885, took possession of the same and inclosed it with a fence, and remained in possession from said time to to the date of his death on January 24, 1899, claiming the same in fee, and his possession being open, notorious and adverse to all the world.

Defendants further aver that since the death of John Loague they have been in possession of the

property, openly, notoriously, and adversely claiming to be the owners in fee thereof, under the will of John Loague and the conveyances to him. Defendants claim that they have become vested with an absolute estate in fee to said land, and they rely upon the statue of seven years.

We proceed to state our conclusions upon the facts found in the record : · First, the charge of fraud on the part of Loague in suggesting the insolvency of the estate of said Fennell, for the purpose of procuring a sale of the real estate and purchasing it at a nominal price, is not sustained.

Second, when the property was ordered to be sold, the Court fixed a minimum price of $400. The purchaser, John Loague, paid but $672 for the property. This was not an inadequate price in 1885, when it was sold.

Since then the purchaser has put $2,000 of improvements on the property. But a conclusive answer to the whole bill is that John Loague was in actual adverse possession of the property for seven years, under color of title, before suit commenced, and his heirs are absolute owners of the property.

But it is said John Loague, as administrator, was an express trustee, and is not protected by the statute of limitations. But John Loague, as administrator of the estate, was not an express trustee of its heirs in respect of the realty, and, moreover, it is well settled that, where an express trustee denies the title of his *cestui que trust*, that the statute of

limitations begins to run from the time notice is brought home to him. Complainants are unmarried, and have known all the facts since the land was sold. Angell on Limitations, Sec. 174; *Marr* v. *Gilliam*, 1 Cold., 491; *Duke* v. *Harper*, 6 Yer., 280; *Watson* v. *Smith*, 10 Yer., 479; *Haynes* v. *Swan*, 6 Heis., 560.

The decree is affirmed.